IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRUCE KENT CHADWICK, <br><br> Plaintiff, <br><br> vs. <br><br> SBMC MORTGAGE, *et al.*, <br><br> Defendants. | Civ. No. 17-00178 JMS-RLP <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, ECF NO. 12 |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, ECF NO. 12**

## I. INTRODUCTION

Plaintiff Bruce Kent Chadwick ("Plaintiff") filed his First Amended Complaint ("FAC"), ECF No. 8, against Defendant SBMC Mortgage[1] ("SBMC"), alleging assorted violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, at least in part concerning a prior judicial foreclosure on property located at 151 Mele Komo Place, Lahaina, HI 96761 (the "Subject Property"). FAC at 1, 5-10;[2] Ex. A at 2, ECF No. 8-1.

---

[1] Plaintiff also names as defendants "any ALLEGED 'UN-NOTICED' 'NEW CREDITOR.'" FAC at 1. For ease of reference, the court refers to SBMC as the sole Defendant.

[2] Because the FAC uses an inconsistent system to number paragraphs, the court cites to pages of the FAC rather than paragraph numbers.

Defendant moves to dismiss the FAC, arguing that Plaintiff's present claims are barred by res judicata because of prior final state court proceedings.[3] For the following reasons, the court GRANTS Defendant's Motion to Dismiss ("Defendant's Motion"), ECF No. 12.

## II. BACKGROUND

**A. Factual Background**

On August 1, 2006, Plaintiff borrowed $1,600,000 from SBMC and executed a note to that effect. Ex. B to FAC at 2-3, ECF No. 8-2. Plaintiff executed a mortgage (the "Subject Mortgage") on the Subject Property as security for the loan to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for SBMC and SBMC's assigns. *Id.* On August 8, 2008, MERS assigned the Subject Mortgage to E*Trade Bank. Ex. A to FAC at 9, ECF No. 8-1. Plaintiff then allegedly mailed a notice of rescission to E*Trade Bank on June 10, 2009. FAC at 5; Ex. A to FAC at 2-7, ECF No. 8-1.

On October 9, 2009, E*Trade Bank commenced judicial foreclosure proceedings in the Circuit Court of the Second Circuit, State of Hawaii, Civil No. 09-1-0781(2) (the "State Foreclosure Action"). *See* Hawai'i State Judiciary's

---

[3] Defendant alternatively argues that Plaintiff's action fails because "this Court lacks jurisdiction pursuant to the Rooker Feldman doctrine." Def.'s Mot. at 13, ECF No. 12. Because the court finds that the claims are barred by res judicata, the court does not reach this alternative argument.

Public Access to Court Information, Case ID 2CC091000781, http://hoohiki.courts.hawaii.gov/#/case?caseId=2CC091000781 (last viewed Aug. 7, 2017); *see also* Ex. C to Def.'s Mot., ECF No. 12-6.[4] On January 19, 2011, the state court issued its "Findings of Fact, Conclusions of Law and Order Granting [E*Trade Bank]'s Motion for Summary Judgment and Decree of Foreclosure Against [Plaintiff] on Complaint Filed October 9, 2009" (the "State Summary Judgment Order"). Ex. C to Def.'s Mot., ECF No. 12-6. In the State Summary Judgment Order, the state court found that the Subject Mortgage was valid and that Plaintiffs had failed to make the agreed-upon payments. *Id.* at 3, 5. The state court further found that E*Trade Bank is entitled "to have its Mortgage foreclosed" and "to judgment in its favor as a matter of law on its complaint." *Id.* at 5, 6.

On January 19, 2011, pursuant to Hawaii Rule of Civil Procedure ("HRCP") 54(b), the state court entered its "Judgment on Findings of Fact, Conclusions of Law and Order Granting [E*Trade Bank]'s Motion for Summary Judgment and Decree of Foreclosure Against [Plaintiff] on Complaint Filed October 9, 2009" ("State Court Judgment 1"). Ex. D to Def.'s Mot., ECF No. 12-7. And on March 6, 2012, the Hawaii Intermediate Court of Appeals ("ICA") affirmed State Court Judgment 1. Ex. E to Def.'s Mot., ECF No. 12-8.

---

[4] The court takes judicial notice of state court documents related to the State Foreclosure Action. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings.").

3

On April 25, 2012, the state court entered its "Order Approving Report of Commissioner, Confirming Commissioner's Sale of Property at Public Auction, Direction Distribution of Proceeds and for a Writ of Ejectment," and entered judgment on that order ("State Court Judgment 2"). Ex. F to Def.'s Mot., ECF No. 12-9; Ex. G to Def.'s Mot., ECF No. 12-10. The ICA affirmed State Court Judgment 2 on March 24, 2014. Ex. H to Def.'s Mot., ECF No. 12-11.

**B.     Procedural Background**

Plaintiff filed his original Complaint in this court on April 18, 2017. ECF No. 1. On April 26, 2017, Plaintiff filed his FAC. ECF No. 8. The FAC asserts four causes of action, all arising under TILA. FAC at 5-10.

SBMC filed this Motion on May 22, 2017. ECF No. 12. On July 17, 2017, Plaintiff filed his Opposition, and on July 24, 2017, SBMC filed its Reply. Pl.'s Opp'n, ECF No. 16; Def.'s Reply, ECF No. 17. The court decides the Motion without a hearing, pursuant to Local Rule 7.2(d).

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]" A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital*

4

*Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

Although a plaintiff need not identify the legal theories that are the basis of a pleading, *see Johnson v. City of Shelby, Mississippi*, 135 S. Ct. 346, 346 (2014) (per curiam), a plaintiff must nonetheless allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Id*. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to

require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

## IV. **DISCUSSION**

Defendant contends that Plaintiffs' FAC is barred by res judicata (also sometimes known as "claim preclusion").[5] That is, SBMC claims that the State Foreclosure Action precludes this subsequent federal action.

Federal courts look to the forum state's law to determine the preclusive effect of a state court judgment. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). To establish claim preclusion under Hawaii law, Defendant has "the burden of establishing that (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question." *Bremer v. Weeks*,

---

[5] Hawaii law now prefers the modern term "claim preclusion" instead of "res judicata." *See Bremer v. Weeks*, 85 P.3d 150, 160 (Haw. 2004).

85 P.3d 150, 161 (Haw. 2004). And, "[i]n Hawaii[,] the doctrine is applied in a robust way." *Albano v. Nw. Fin. Haw., Inc.*, 244 F.3d 1061, 1063 (9th Cir. 2001).

The court addresses each of the three elements in turn.

**A.     Final Judgment**

"[A] judgment is final where the time to appeal has expired without an appeal being taken." *Littleton v. State*, 708 P.2d 829, 833 (Haw. Ct. App. 1985) (quoting *James W. Glover, Ltd. v. Fong*, 42 Haw. 560, 574 (1958)). Under Hawaii Rule of Appellate Procedure ("HRAP") 36(c), an ICA judgment is final:

> (1)    if no application for writ of certiorari is filed,
>
>> (A)    upon the thirty-first day after entry or
>>
>> (B)    where the time for filing an application for a writ of certiorari is extended in accordance with [HRAP 40.1(a)], upon the expiration of the extension[.]

Here, the ICA affirmed State Court Judgment 1 on March 6, 2012, and affirmed State Court Judgment 2 on March 25, 2014. Ex. E to Def.'s Mot., ECF No. 12-8; Ex. H to Def.'s Mot., ECF No. 12-11. There is no evidence that Plaintiff filed a writ of certiorari to the Supreme Court of Hawaii within thirty days or received an extension to file a writ in accordance with HRAP 40.1(a).

Because "the time to appeal has expired without an appeal being taken," *Littleton*, 708 P.2d at 833, State Court Judgment 1 and State Court Judgment 2 are final.

7

**B.     Same Parties**

The second element requires that the parties be "the same or in privity with the parties in the original suit." *Bremer*, 85 P.3d at 161. SBMC was not a party to the State Foreclosure Action, but E*Trade Bank -- who was assigned the Subject Mortgage subsequent to SBMC -- was. The court finds that the relationship between E*Trade Bank and SBMC establish privity between them.

Under Hawaii law, "[t]he concept of privity has moved from the conventional and narrowly defined meaning of 'mutual or successive relationship[s] to the same rights of property' to 'merely a word used to say that the relationship between the one who is a party of record and another is close enough to include that other within the res adjudicata.'" *In re Dowsett Trust*, 791 P.2d 398, 402 (Haw. Ct. App. 1990) (internal citations omitted). In essence, "the nonparty's interests and rights [must have been] represented and protected in the prior action." *Pedrina v. Chun*, 97 F.3d 1296, 1301-02 (9th Cir. 1996) (applying Hawaii law). Privity exists between mortgage assignees and assignors. *See, e.g.*, *Amedee v. Citimortgage, Inc.*, 2016 WL 1070657, at *4 (N.D. Cal. Mar. 18, 2016); *Lomeli v. JPMorgan Chase Bank, NA*, 2015 WL 12746210, at *6 (C.D. Cal. Oct. 5, 2015).

Here, Plaintiff admits that E*Trade Bank was assigned the Subject Mortgage from SBMC. Ex. A to FAC at 2, ECF No. 8-1 (listing E*Trade Bank as

allegedly granting the rescission of the Subject Mortgage). Moreover, the State Summary Judgment Order acknowledged that SBMC was the original mortgagee in the Subject Mortgage. Ex. C to Def.'s Mot. at 2, ECF No. 12-6.

Because the relationship between E*Trade Bank and SBMC "is close enough" to establish privity, this element is satisfied.

**C.     Same Claims**

Third, the "claims" are the same. "To determine whether a litigant is asserting the same claim in a second action, the court must look to whether the 'claim' asserted in the second action arises out of the same transaction, or series of connected transactions, as the 'claim' asserted in the first action." *Kauhane v. Acutron Co.*, 795 P.2d 276, 279 (Haw. 1990). That is, claims arising out of the same transaction "constitute the same 'claims' for [claim preclusion] purposes." *Id.* Moreover, claim preclusion "applies if the issues 'could have been raised in the earlier state court actions.'" *Albano*, 244 F.3d at 1064 (citations omitted) (applying Hawaii law); *see also Bremer*, 85 P.3d at 159-60 (observing that under Hawaii law "[t]he judgment of a court of competent jurisdiction . . . precludes the relitigation . . . of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided").

Generally, the issues raised in this action arise out of "the same transaction, or series of connected transactions," *Kauhane*, 795 P.2d at 279, as the

9

claims asserted in the State Foreclosure Action. That is, the State Foreclosure Action decided identical issues as alleged here -- both concern the validity of the Subject Mortgage and E*Trade Bank's right to foreclose on the Subject Property. These issues may not be relitigated here.

More specifically, three of Plaintiff's four claims essentially argue for rescission of the Subject Mortgage. FAC at 5, 9-11(discussing the first, third, and fourth causes of action). Even if SBMC violated TILA (thus entitling Plaintiff to rescind the Subject Mortgage), Plaintiff could have made that argument in the State Foreclosure Action against E*Trade Bank in a counterclaim or as an affirmative defense.[6] *See* 15 U.S.C. § 1641(c) ("Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation."); *see also Albano*, 244 F.3d at 1064 ("There can be no doubt whatsoever that the [plaintiff's] TILA claim could have been litigated in the foreclosure action. It was a defense that would have ineluctably precluded foreclosure if the [plaintiff's] claims are meritorious."); *E. Sav. Bank, FSB v. Esteban*, 296 P.3d 1062, 1068 (Haw. 2013) (stating that a TILA rescission claim

---

[6] In fact, Plaintiff did allege TILA rescission in the State Foreclosure Action, albeit very late in the action. Ex. A to FAC, ECF No. 8-1. The state court appears to have rejected Plaintiff's arguments. *See* Ex. A to Def.'s Mot., ECF No. 12-3; Ex. B to Def.'s Mot. at 3, ECF No. 12-4 (ordering "[t]he Registrar of the Bureau of Conveyances of the State of Hawaii [to] expunge the Notice of Truth in Lending Act Rescission Notice for the Record: Mortgage is Rescinded by Operation of Law as of June 10, 2009 recorded in the Bureau of Conveyances of the State of Hawaii as Document No. A-56260646 on May 28, 2015").

can be litigated in a "foreclosure action, whether as a counterclaim or as an affirmative defense").

And the fourth (and only other) claim argues that Plaintiff is entitled to damages, as no assignee of the Subject Mortgage (here, E*Trade Bank) notified Plaintiff of the assignment. FAC at 6-9 (describing the second cause of action). But as the FAC acknowledges, this duty falls on the *assignee* (E*Trade Bank), not the *assignor* (SBMC):

> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, *the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer*[.]

FAC at 7 (quoting 15 U.S.C. § 1641(g)(1)) (emphasis added).

Therefore, Plaintiff could have brought this claim in the State Foreclosure Action as a "counterclaim for damages allegedly resulting from [E*Trade Bank's] violation of TILA." *Haw. Cmty. Fed. Credit Union v. Keka*, 11 P.3d 1, 13 (Haw. 2000); *see also Pac. Concrete Fed. Credit Union v. Kauanoe*, 614 P.2d 936, 940 (Haw. 1980) (adopting the position that TILA damages claims are "not barred by the statute of limitations provision" because they are "a recoupment defense to diminish plantiff's recovery").[7]

---

[7] By asserting the damages claim in *this* action -- rather than in the original State Foreclosure Action -- Plaintiff's claim is also probably time-barred, as it is not a recoupment
(continued on next page . . .)

Because all three elements of the claim preclusion test are met, Plaintiff is barred from now bringing this action against SBMC in federal court. The issues were already decided in the State Foreclosure Action, or Plaintiffs could have brought their claims in that action.

## V. **CONCLUSION**

For the reasons set forth above, the court GRANTS Defendant's Motion to Dismiss, ECF No. 12. Although it appears that any amendment would be futile, the court cannot say so with certainty. As such, the court gives Plaintiff leave to file a supplemental memorandum, of no more than five pages, setting forth a description of any amended claims that he believes he could bring that would not be barred by the doctrine of res judicata as applied in this order. That supplemental memorandum must be filed by September 8, 2017. Failure to file a supplemental memorandum by that date will result in dismissal of this action.

---

(. . . continued)
defense and thus must have been brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Plaintiff did not bring this action until April 18, 2017 -- over eight years after the assignment to E*Trade Bank. Compl., ECF No. 1 (initiating suit on April 18, 2017); Ex. A to FAC at 9, ECF No. 8-1 (recording the assignment on August 8, 2008). Although "equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action," *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986), Plaintiff "cannot simply rely on the same factual allegations to both show a [TILA] violation . . . and to toll the limitations period," *Vargas v. JP Morgan Chase Bank, N.A.*, 2014 WL 3435628, at *3 (C.D. Cal. July 11, 2014) (internal citations and quotation marks omitted).

12

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 9, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Chadwick v. SBMC Mortgage*, Civ. No. 17-00178 JMS-RLP, Order Granting Defendant's Motion to Dismiss, ECF No. 12

13